Argued and submitted September 21, convictions affirmed; sentences vacated; case remanded for resentencing December 8, 2004, Perez's petition for review denied April 26, State of Oregon's petition for review allowed May 3, 2005 (338 Or 488) See later issue Oregon Reports

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD LAWRENCE PEREZ,
*Appellant.*

0201-30132; A119741

102 P3d 705

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals a judgment convicting him of possession and delivery of a controlled substance. ORS 475.992(1)(b); ORS 475.992(4)(b). We write only to address defendant's argument that the trial court erred in imposing departure sentences on those counts; we reject his other assignments of error without discussion. Defendant argues that the departure sentences are unlawful under *Blakely v. Washington*, 542 US ___ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because the trial court based the sentences on aggravating factors that the state did not plead in the indictment or prove to a jury beyond a reasonable doubt. Defendant concedes that he raises the issue for the first time on appeal, but he argues that we may review the error as one that is apparent on the face of the record. The state responds that the asserted error is not apparent because the aggravating factors arguably fall within the "prior convictions" exception to the rule in *Apprendi* and *Blakely*. We remand for resentencing.

Defendant was indicted for delivery of a controlled substance within 1,000 feet of a school (count one), delivery of a controlled substance for consideration (count two), and possession of a controlled substance (count three). A jury found defendant guilty on count three, but it was unable to reach a verdict on counts one and two.[1] The state agreed to dismiss count one in exchange for defendant's agreement to submit count two to the trial court on stipulated facts. Pursuant to that agreement, defendant filed a petition to waive his right to a jury trial and to try that count to the court on stipulated facts. The court accepted the petition and found defendant guilty.

Based on defendant's criminal history score, the presumptive sentence for count two was 25 to 30 months' imprisonment; the presumptive sentence for count three was probation. At sentencing, the parties referred the court to

---

[1] Defendant was also convicted of felon in possession of a restricted weapon. ORS 166.270(2). Because the trial court did not impose a departure sentence on that count, it is not material to this opinion.

portions of the report of the presentence investigator, wherein the investigator (1) described defendant's extensive criminal history; (2) opined that, for purposes of the "criminal justice system," defendant was a "psychopath"; and (3) described a *New York Times* article on which the investigator relied in making her recommendation. Defendant argued that the departure findings that the state proposed were inappropriate because he had not, while on supervision, been provided with substance abuse treatment. The court found that defendant persistently had been involved in similar offenses; that defendant was on supervision at the time of these offenses; and that repeated previous supervision had failed to deter defendant from engaging in further criminal conduct. In making those findings, the court relied, in part, on the presentence investigator's opinion that defendant was, as a "sociological matter," a "psychopath." Based on those aggravating factors, the court imposed a durational departure sentence of 40 months' imprisonment on count two and a dispositional departure sentence of six months' imprisonment on count three. *See* OAR 213-008-0001 (providing, in part, that "the sentencing judge shall impose the presumptive sentence provided by the guidelines unless the judge finds substantial and compelling reasons to impose a departure"). As noted, defendant now challenges the imposition of those departure sentences.

 To place the parties' arguments on appeal in context, a brief examination of the relevant legal principles is helpful. In *Apprendi*, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[2] 530 US at 490. Four years later, in *Blakely*, the Court further defined the phrase "prescribed statutory maximum [sentence]." It held that

---

[2] The Sixth Amendment to the United States Constitution provides, in part, that, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *." The federal jury trial right applies to state trials under the Fourteenth Amendment. *Duncan v. Louisiana*, 391 US 145, 148-49, 88 S Ct 1444, 1446-47, 20 L Ed 2d 491 (1968). Also under the Fourteenth Amendment, the state must prove the facts constituting a crime beyond a reasonable doubt. *In re Winship*, 397 US 358, 364, 90 S Ct 1068, 25 L Ed 2d 368 (1970).

"the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he [or she] may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his [or her] proper authority."

542 US at ____ , 124 S Ct at 2537 (citations omitted; emphasis in original). In other words, if a sentence is not authorized by the facts found by the jury or admitted by the defendant, the sentence is unlawful. We recently held that upward departure sentences under Oregon's sentencing guidelines are inconsistent with the rule in *Blakely. State v. Sawatzky*, 195 Or App 159, 172, 96 P3d 1288 (2004); *see also State v. Warren*, 195 Or App 656, 670, 98 P3d 1129 (2004) (concluding that a dangerous offender sentence under ORS 161.725(1)(a) is inconsistent with the rule in *Blakely*).

Defendant argues that his sentences are unlawful because they exceed the maximum sentences authorized by the guilty verdicts. He contends that the sentences imposed must be limited to those authorized based on facts pleaded in the indictment and proved beyond a reasonable doubt to the respective factfinders. Because the state did not plead the aggravating factors in the indictment or prove them to the jury beyond a reasonable doubt, defendant argues, the court could not rely on them to impose departure sentences.[3] Defendant concedes that the asserted error is unpreserved, but he argues that we should exercise our discretion to review it as an error apparent on the face of the record.

---

[3] Defendant's argument with respect to the indictment does not require extended discussion. The Oregon Supreme Court has held that *Apprendi* does not require that aggravating factors be pleaded in the indictment in order to be presented to the jury. *State v. Oatney*, 335 Or 276, 296, 66 P3d 475 (2003), cert den, 540 US 1151, 124 S Ct 1148 (2004); *see also State v. Gornick*, 196 Or App 397, 404-06, 102 P3d 734 (2004) (rejecting argument that aggravating factors must be pleaded in the indictment).

Among other contentions, the state responds that defendant's argument does not qualify for plain error review because it is not clear that *Apprendi* and *Blakely* apply. The state notes that, in *Apprendi*, the Supreme Court recognized an exception to the general rule that it announced in that case, namely, that "the fact of a prior conviction" need not be proved to a jury beyond a reasonable doubt. 530 US at 490. In the state's view, it is reasonably disputable that the exception for "the fact of a prior conviction" encompasses related circumstances including those comprising the aggravating factors that the trial court found and upon which it based defendant's sentences in this case.[4]

■ We have discretion to consider an unpreserved error of law that is "apparent on the face of the record." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Whether the trial court erred is determined "by reference to the law existing as of the time of the appellate decision." *State v. Jury*, 185 Or App 132, 139, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003). An error is "apparent" if it is obvious and not reasonably in dispute. *Brown*, 310 Or at 355. It appears "on the face of the record" if we "need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *Id.* If we exercise our discretion to review an apparent error, we must articulate our reasons for doing so. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

We begin with the parties' dispute concerning whether the aggravating factors that the trial court found constitute "fact[s] of prior convictions." We note at the outset that each of the aggravating factors applied here—persistent involvement in similar conduct, being on supervision at the time of the instant offenses, and the failure of prior supervision to deter further criminal conduct—involves defendant's criminal history. Thus, the resolution of the parties' dispute lies in how broadly the exception to the general rule in *Apprendi* is read.

■ Defendant urges us to read the exception narrowly. He notes that the *Apprendi* Court referred to "*the* fact of a

---

[4] The state raises other arguments that we reject without discussion.

prior conviction," 530 US at 490 (emphasis added), and argues that the Court's use of the definite article shows that it meant to exclude facts merely *related to* prior convictions. Defendant asserts that the aggravating factors that the trial court found are all qualitatively different from the bare facts of his previous convictions. He notes, for example, that "persistent involvement" requires an inference that goes beyond the existence of a criminal record. The state responds that it is, at least, reasonably disputable that the "fact of prior convictions" exception to the rule in *Apprendi* includes the aggravating factors at issue in this case.

To determine whether it is beyond reasonable dispute that the exception is as narrow as defendant asserts, we look to the exception's origins and to the Supreme Court's pronouncements on the subject. The exception was first identified in the Court's decision in *Almendarez-Torres v. United States*, 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998). In that case, the defendant was charged in a federal indictment with "having been found in the United States * * * after being deported," *id.* at 227 (ellipsis in original; internal quotation marks omitted), an offense that, under 8 USC section 1326(a), carried a maximum sentence of two years. Under 8 USC section 1326(b)(2), however, the maximum sentence was 20 years if the "deportation was subsequent to a conviction for commission of an aggravated felony." The defendant pleaded guilty. Before the trial court accepted his plea, he admitted that he had been deported pursuant to three earlier convictions for aggravated felonies. Based on the previous convictions, the court imposed a sentence of 85 months' imprisonment. The defendant appealed, arguing that, because his indictment had not mentioned his earlier convictions, he was subject to no more than two years' imprisonment. *Almendarez-Torres*, 523 US at 227.

The Supreme Court affirmed the sentence. It noted that recidivism is a traditional basis for a sentencing court to increase an offender's sentence. *Id.* at 243. It concluded, therefore, that the defendant's prior convictions need not be treated as elements of the offense that had to be pleaded in the indictment. *Id.* at 244. The following year, the Court stated in *Jones v. United States*, 526 US 227, 243 n 6, 119 S Ct 1215, 143 L Ed 2d 311 (1999), that its holding in

*Almendarez-Torres* was restricted to recidivism. In *Apprendi*, the Court explained that its conclusion in *Almendarez-Torres* had

> "turned heavily upon the fact that the additional sentence to which the defendant was subject was 'the prior commission of a serious crime.' Both the *certainty that procedural safeguards attached to any 'fact' of prior conviction*, and the reality that Almendarez-Torres did not challenge the accuracy of that 'fact' in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range."

*Apprendi*, 530 US at 488 (citations omitted; emphasis added). The Court further explained the significance of the "procedural safeguards" that attach to the fact of prior convictions:

> "[T]here is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof."

*Id.* at 496.

■■ Thus, the exception to the general rule in *Apprendi* hinges on the fact that a prior conviction already has been subjected to the rigors of jury determination and the "reasonable doubt" standard of proof. An exception for the bare fact of a prior conviction is, in fact, entirely consistent with the general rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490. Where the state obtained the prior conviction while observing the defendant's constitutional procedural rights, there is no need to test the conviction again in the later trial. *See Parke v. Raley*, 506 US 20, 31, 113 S Ct 517, 121 L Ed 2d 391 (1992) (stating that a presumption of regularity attaches to final judgments).

The same is not true of facts other than the bare fact of a prior conviction—even those related thereto. Here, for example, the allegation that defendant was on probation or parole when he committed the offenses of conviction has not

been proved to a jury beyond a reasonable doubt, so the same "procedural safeguards" had not attached to that "fact" when he was sentenced. Moreover, the issue whether a previous term of parole or probation "failed to deter" defendant from committing further offenses is even more removed from any previous factual determination by a jury. As discussed, in this case defendant argued that the state's failure to provide him with substance abuse treatment while on supervision caused him to violate his terms of supervision. Extending the exception in *Apprendi* to the resolution of such factual disputes would not be consistent with the rule in *Apprendi* because it would allow a sentence that exceeds the "prescribed statutory maximum" based on facts whose validity has not been tested by the applicable procedural safeguards.

Furthermore, aggravating factors typically represent qualities of the offender, the offense, or the victim that vary from those of the "ordinary" offender, offense, or victim that the legislature contemplated when it approved the presumptive sentences in the sentencing guidelines. Because the facts of prior convictions already are taken into account in an offender's criminal history score, aggravating factors necessarily require a finding of one or more additional facts. *State v. Kennedy*, 113 Or App 134, 139, 831 P2d 712 (1992) (trial court findings explain "why the circumstances on which it relied [in imposing departure sentence] are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines"); *cf.* OAR 213-008-0005(3) (providing that imposition of both dispositional and durational departures requires independent "substantial and compelling" reasons for each departure). To the extent that such additional facts are not admitted by the defendant or proved beyond a reasonable doubt to a jury, reliance on them in imposing a departure sentence contravenes *Apprendi* and *Blakely*.

The "persistent involvement" factor on which the sentencing court relied in this case particularly illustrates the point. "The persistent involvement factor is intended to capture, for sentencing purposes, a separate malevolent quality in the offender represented by the repetitive nature or pattern of the offender's criminal behavior over and above

simply counting the number of offenses in an offender's criminal history." *Kennedy*, 113 Or App at 137-38. As noted, in this case, as pertinent to that factor, the sentencing court found that, for "criminal justice purposes," defendant was a "psychopath." That is precisely the sort of finding that *Apprendi* commends to the jury.

We conclude that the Supreme Court plainly meant what it said when it described the holding in *Almendarez-Torres* as "a narrow exception to the general rule" and stated that, other than "*the fact* of a prior conviction, *any* fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 US at 490 (emphasis added). It is therefore beyond reasonable dispute that the exception applies only to the fact of a prior conviction. In this case, defendant did not admit to the aggravating factors, and the state did not prove them beyond a reasonable doubt to a jury. It follows that his departure sentences are unlawful. *See Sawatzky*, 195 Or App at 172. We exercise our discretion to reach the error because the state asserts no valid interest in requiring defendant to serve an unlawful sentence.[5] We therefore vacate defendant's sentences and remand for resentencing.

Convictions affirmed; sentences vacated; case remanded for resentencing.

---

[5] On remand, the trial court's authority to resentence defendant is not limited to counts 2 and 3. ORS 138.222(5) ("If the appellate court determines that the sentencing court, in imposing sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing.").