Argued and submitted January 24, sentence vacated; remanded for resentencing; otherwise affirmed March 2, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN JAMES HILLENKAMP,
*Appellant.*

### C011490CR; A120685
108 P3d 29

Andrew S. Chilton argued the cause for appellant. With him on the briefs was Chilton, Ebbett & Rohr, LLC.

Bethany Cunningham, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

LANDAU, P. J.

* Brewer, C. J., *vice* Leeson, J. pro tempore.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for theft in the first degree. He challenges both the sufficiency of the evidence and the fact that the trial court sentenced him, in part, on the basis of facts not found by a jury. We conclude that the trial court correctly concluded that the evidence was legally sufficient, but we vacate the sentence and remand for resentencing.

The relevant facts are not in dispute. Beaverton Patrol Officer Chad Opitz saw a U-Haul truck parked behind a restaurant next to an alley that led to a Home Depot store. Opitz knew from experience that people parked near the alley to be able to walk up to the Home Depot to engage in fraudulent activities there and readily escape. Opitz called in the U-Haul truck license plate number and learned that the truck had been reported stolen.

Opitz contacted the occupants of the truck, all three of whom were in the rear. Defendant was one of the occupants. All three gave Opitz what turned out to be false names. All three were taken into custody on outstanding warrants.

Opitz searched the truck and found $2,616.86 worth of merchandise from Home Depot. There was no sales receipt for the merchandise. There was a "no-receipt" refund receipt for $295.20 that had been issued approximately 20 minutes earlier. Defendant had $294.85 in his possession. Opitz also found a clipboard on which a number of personal papers belonging to defendant were clipped along with approximately 15 different Home Depot receipts from different Home Depot stores in Oregon, Washington, Utah, Colorado, and Idaho. Opitz also found in the truck a black plastic folder that contained three different IDs for defendant, each with an altered ID number.

Opitz contacted Charles Heinrich, the assistant manager at the nearby Home Depot. Heinrich said that he had seen defendant before, when defendant brought certain items to a cashier and attempted to make a no-receipt return for cash using a false ID. When defendant was questioned, he

said that the person whose ID he was carrying was outside in a car. Defendant then left with the merchandise. Heinrich explained that, at the time, Home Depot had a policy of allowing up to three merchandise returns for cash without a receipt. After three returns, he explained, the customer would have to obtain a manager's override. He said that, in response to that policy, people used different or altered ID numbers to obtain no-receipt cash refunds without having to obtain manager approval. Heinrich also scanned the items found in the back of the U-Haul truck. All of the items scanned as Home Depot merchandise.

In a trial to the court, defendant moved for a judgment of acquittal on the ground that there was no evidence that the Home Depot merchandise found in the truck actually had been stolen. The state argued that, taken as a whole, the evidence permitted a reasonable factfinder to find beyond a reasonable doubt that defendant had stolen the merchandise. The trial court agreed with the state, denied the motion, and found defendant guilty of theft in the first degree.

Defendant was sentenced the same day. He did not object to the state's recommendation for an upward departure from a presumptive 13-month sentence based on a finding of persistent criminal involvement. The court imposed a sentence of 26 months' incarceration, based on defendant's "persistent involvement in similar offenses." Defendant did not object to the sentence.

On appeal, defendant first assigns error to the denial of his motion for a judgment of acquittal. He argues that the evidence was legally insufficient because there was no evidence that the merchandise found in the U-Haul truck was actually stolen. In reviewing the denial of a motion for a judgment of acquittal, we examine the evidence and all inferences that may reasonably be drawn from it in the light most favorable to the state to determine whether a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Williams*, 313 Or 19, 24, 828 P2d 1006, *cert den*, 506 US 858 (1992).

ORS 164.015(1) provides that a person commits theft when, "with intent to deprive another of property or to appropriate property to the person or to a third person," that

person—among other things—"[t]akes, appropriates, obtains or withholds such property from an owner thereof." At issue in this case is whether there is sufficient evidence that defendant took the items found in the truck. Defendant is correct that there is no *direct* evidence that the items found in the truck were stolen. But there is ample evidence from which a rational factfinder could infer that fact. Among other things, (1) defendant was in possession of almost exactly the same amount of money that had just been obtained from Home Depot for a no-receipt return; (2) all of the items were Home Depot merchandise; (3) there was no sales receipt for any of that merchandise; (4) defendant was found with a clipboard containing 15 Home Depot receipts from around the Pacific Northwest; (5) earlier, defendant had unsuccessfully attempted to obtain a no-receipt refund with false ID and then left the store with the merchandise and no receipt for it; (6) defendant was also found with three different IDs, each with an altered ID number; and (7) defendant lied to police about his identity. From that evidence, the court could infer that defendant was involved in an organized effort to defraud Home Depot by returning stolen merchandise without receipts and with false identification. We conclude that the trial court did not err in denying defendant's motion.

■　　　Defendant next assigns error to the imposition of an upward departure sentence on the basis of his persistent involvement in similar offenses. He argues that the departure sentence is unlawful under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because the fact of his persistent involvement was not found by a jury. The state concedes that, under our decision in *State v. Perez*, 196 Or App 364, 372-73, 102 P3d 705 (2004), the trial court erred. We accept the concession.

　　　Sentence vacated; remanded for resentencing; otherwise affirmed.