Submitted on record and briefs February 14, sentence vacated; remanded for resentencing; otherwise affirmed March 16, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JOHNNY THEODORE LOKE, JR.,
aka Theodore Johnny Loke, Jr.,
*Appellant.*

9907-35058; A117304

108 P3d 116

Patrick M. Ebbett and Chilton & Ebbett, LLC filed the brief for appellant. On the supplemental brief was Chilton, Ebbett & Rohr, LLC.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the briefs for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.*

PER CURIAM

---

* Armstrong, J., *vice* Richardson, S. J.

## PER CURIAM

Defendant appeals a judgment of conviction on counts of manufacture of a controlled substance, delivery of a controlled substance, possession of a controlled substance, and unlawful possession of a destructive device. He contends that the trial court erred in denying his motion to suppress evidence. We reject that contention without discussion. He also contends that the trial court erred in imposing departure sentences on the controlled substance convictions based on findings by the court of persistent involvement in similar offenses and failure of repeated terms of supervision and incarceration to deter further criminal conduct. Defendant concedes that he did not object to the sentences at trial, but he argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the sentences now amount to reviewable plain error because they violate his constitutional right to have such departure factors determined by a jury. Under our decision in *State v. Perez*, 196 Or App 364, 372-73, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), defendant is correct.

Sentence vacated; remanded for resentencing; otherwise affirmed.