Submitted on record and briefs March 3, sentence vacated; remanded for
resentencing; otherwise affirmed March 30, 2005

STATE OF OREGON,
*Respondent,*

*v.*

MARIA ANITA HOWE,
*Appellant.*

CR0108009B; A121498

109 P3d 391

Laura Frikert filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder* and Ortega, Judges.

HASELTON, P. J.

---

* Linder, J., *vice* Richardson, S. J.

**HASELTON, P. J.**

Defendant was convicted of arson in the second degree, ORS 164.315, and received an upward departure sentence of 36 months' probation. Defendant also was ordered to pay restitution in the amount of $26,764. On appeal, defendant challenges both the imposition of the departure sentence and the amount of restitution. We reject defendant's arguments concerning restitution without discussion. We agree, however, with defendant's argument that, under the rationale of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the imposition of an upward departure sentence was plain error, and we exercise our discretion to correct that error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Accordingly, we affirm defendant's conviction but remand for resentencing.

The court based its upward departure sentence on its finding that the loss or harm caused by defendant's crime was significantly greater than typical for such a crime. *See* OAR 213-008-0002(1)(b)(J). Defendant asserts that such judicial factfinding violates the rule of law announced in *Blakely*. Defendant is correct. *See State v. Dilts*, 337 Or 645, 103 P3d 95 (2004). Although defendant did not preserve the error, we have held that similar errors are apparent on the face of the record. *See, e.g., State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005).

The state argues that the claim of error asserted here is not apparent on the face of the record because (1) evidence at trial concerning the value of the property burned by defendant was uncontradicted, and (2) whether harm is greater than typical for an offense is a question of law for the court rather than a question of fact to be decided by jury. As to the state's first argument, it is beside the point whether evidence at trial *could have* supported a jury determination of a fact used to enhance a sentence; under the Sixth Amendment, a defendant is entitled to have the jury actually make such a determination. As to the second argument, we reject the state's suggestion that a determination that a crime caused harm "greater than typical" is not a factual finding.

Although an experienced judge might be especially competent to assess what is "greater than typical" harm from certain criminal conduct, such a determination is, nonetheless, a factual finding. Thus, to the extent that such a finding is used to enhance a sentence beyond what otherwise would be the statutory maximum, a defendant is entitled to a jury determination of that fact, based on evidence presented by the parties. Finally, because the state has no valid interest in requiring defendant to serve an unconstitutional sentence, *see Perez*, 196 Or App at 373, we exercise our discretion under *Ailes* to reach the unpreserved error. Accordingly, we remand for resentencing.

Sentence vacated; remanded for resentencing; otherwise affirmed.