Argued and submitted March 30, sentence on conviction for escape in the
second degree vacated; remanded for resentencing; otherwise affirmed
April 27, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## JEFFERY BLAKE DORIE,
*Appellant.*

976317, 011166; A119852 (Control), A119853
(Cases Consolidated)

111 P3d 783

Jennelle Meeks Barton, Deputy Defender, argued the
cause for appellant. With her on the brief were Peter A.
Ozanne, Executive Director, and Peter Gartlan, Chief
Defender, Office of Public Defense Services.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Breithaupt, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant appeals from his convictions for escape in the second degree, ORS 162.155, and assaulting a public safety officer, ORS 163.208, and from an order revoking his probation on a previous conviction for theft in the second degree, ORS 164.045. He raises three assignments of error, only one of which requires discussion.

■■ In his third assignment of error, defendant asserts that the trial court erred in imposing a departure sentence on the escape conviction based on two aggravating factors—persistent involvement in similar criminal activity and being on probation at the time of the offense—that involved facts that defendant had not admitted and that a jury had not found beyond a reasonable doubt. Defendant did not preserve that issue at the trial court. In *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we held that it was error under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), for a court to rely on unadmitted and unproven facts, other than the fact of a prior conviction, in imposing a departure sentence. We also held that the error was apparent on the face of the record. The same principles apply here.

Sentence on conviction for escape in the second degree vacated; remanded for resentencing; otherwise affirmed.