Submitted on record and briefs April 25, sentence vacated; remanded for
resentencing; otherwise affirmed May 18, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## ALFREDO HERNANDEZ,
aka Alfredo Hernandez-Sanchez,
*Appellant.*

020432605; A120433

113 P3d 437

Patrick M. Ebbett and Chilton, Ebbett & Rohr, LLC, filed
the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong, Judge, and Breithaupt, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for possession of a controlled substance. ORS 475.992(4)(a). He advances two assignments of error: (1) the trial court erred in denying his motion to suppress evidence obtained during a traffic stop; and (2) the trial court erred in imposing a departure sentence based on facts not proved to a jury. We reject the first assignment, but conclude that the second is well-taken. We therefore affirm the conviction, but vacate the sentence and remand for resentencing.

The relevant facts are not in dispute. Portland Police Officer Churella stopped defendant for a traffic offense while defendant was driving with a passenger on West Burnside Street in downtown Portland at 9:15 p.m. Defendant did not have a driver's license or proof of insurance. Churella arrested defendant and patted him down. Churella found, among other things, a considerable amount of cash in defendant's shirt and pants pockets, as well as a pocket knife. Churella placed defendant in his patrol car and made arrangements to have defendant's car towed.

Two other officers arrived. One of them asked the passenger, Valerio, to step out of the car. As she did, Churella noticed a golf-ball sized object wrapped in black electrical tape on the pavement behind Valerio. Valerio explained to the officer that defendant had given the ball to her immediately after he had seen the police activate their overhead lights and told her to hold the ball. She had stuffed the ball in her pants, but it slipped out as she got out of the car. Churella asked her what was inside the ball, and she replied that it probably was heroin. Churella seized the ball.

Approximately 20 minutes later, at the Old Town precinct, Churella opened the knife and saw heroin residue on the blade. About ten minutes after that, he cut open the ball that he had seized. He recognized the contents to be heroin. Defendant later admitted that he owned the ball and 100 more like it.

Defendant moved to suppress, arguing that, because of the delay of 20 to 30 minutes, the search of the knife and

the ball were not valid searches incident to arrest. At the hearing, Churella testified that he waited until he had returned to the precinct to examine the evidence because "it's not good practice to open drugs on the street. Sometimes they fall out of the packaging." He explained that he thought it more appropriate to open the ball in a secure, controlled environment. The trial court denied defendant's motion.

A jury found defendant guilty of possession of a controlled substance. At sentencing, the state recommended an upward departure based on defendant's criminal history. The trial court asked whether either party had any corrections to the presentence investigation report, which included prior convictions. Defendant's counsel replied that "his record speaks for itself." The court then imposed an upward departure sentence based on defendant's "[p]ersistent involvement in unrelated, prior convictions[,]" his "supervision at time of offense[,]" and the fact that "[i]ncarceration has failed to deter defendant from committing new crimes."

■ On appeal, defendant renews his argument that the delay in examining the evidence was simply too long to be reasonable. The state responds that, given the time of day, the location of the arrest site, and the risk of loss or contamination by examining the evidence on the street, the fact that the officer waited 20 to 30 minutes before examining it was reasonable. We agree. *See, e.g.*, *State v. Zigler*, 100 Or App 700, 704, 788 P2d 484 (1990) (45-minute delay reasonable when "[t]here is no suggestion in the record or in defendant's argument that the search was deliberately delayed or that the police were doing anything other than necessary and appropriate tasks in the interim").

Defendant also challenges the departure sentence, arguing that the trial court erred in relying on facts not found by a jury, in violation of the principles set out in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). He acknowledges that he did not raise the matter before the trial court, but asks that the matter be reviewed as plain error. The state acknowledges that, in *State v. Perez*, 196 Or App 364, 372-73, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we considered an

unpreserved *Blakely/Apprendi* challenge involving the same departure factors. The state argues that *Perez* was wrongly decided and that, in any event, it does not apply because *Blakely* does not apply when a defendant waives his objection or admits the facts on which the trial court based a departure sentence.

■     We decline to accept the state's invitation to reconsider *Perez*. We also conclude that there is no evidence in this record of a waiver or of an admission of the facts on which the trial court based the departure sentence.

Sentence vacated; remanded for resentencing; otherwise affirmed.