Submitted on record and briefs June 20, sentences vacated; remanded for resentencing; otherwise affirmed July 27, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## JAIME RAMIREZ LOPEZ,
*Appellant.*

03C-52460; A124441

117 P3d 300

Hari Nam S. Khalsa filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Ortega, Judge.

PER CURIAM

---

* Brewer, C. J., *vice* Richardson, S. J.

**PER CURIAM**

Defendant was convicted of delivery of a Schedule II controlled substance, ORS 475.992, criminal conspiracy to commit delivery of a Schedule II controlled substance, ORS 475.992, and delivery of a Schedule I controlled substance, ORS 475.999. The trial court imposed an upward durational departure sentence on each conviction based on a finding of "persistent involvement in similar behavior." On appeal, defendant challenges only the sentences, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing upward departure sentences based on facts that defendant did not admit and that the court did not submit to a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentences should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentences are plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.