Submitted on record and briefs July 28, affirmed August 31, 2005

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT LAMONT McCLAIN,
*Appellant.*

03C-52209; A124626

118 P3d 854

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

* Schuman, J., *vice* Richardson, S. J.

**LANDAU, P. J.**

Defendant was convicted of unlawful use of a weapon, ORS 166.220, felon in possession of a weapon, ORS 166.270, and menacing, ORS 163.190. As pertinent here, on his first and second convictions, the trial court sentenced defendant to concurrent upward durational departure sentences of 60 months' imprisonment, followed by 24 months' post-prison supervision (PPS). The judgment also provides, as to those sentences, that they "shall not exceed 60 months, in any case, including incarceration and [PPS]."

On appeal, defendant argues that the described sentences were unlawful indeterminate sentences. He also argues that imposition of upward departure sentences based on facts not admitted by him or found by a jury beyond a reasonable doubt violated his right to jury trial as explicated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). He concedes that he did not raise his *Apprendi* challenges below but urges us to review them as error apparent on the face of the record.

The state responds that defendant's "unlawful indeterminate sentences" argument is unpreserved and that, in any event, notwithstanding the trial court's notation regarding the maximum length of defendant's combined incarceration and PPS terms, the court imposed a determinate sentence. The state concedes that this court previously has determined that the imposition of upward departure sentences based on facts, other than the fact of a prior conviction, not admitted or found by a jury is plain error. It argues, however, that defendant's jury trial waiver either constituted a waiver of his rights to jury determinations of facts relating to his sentences or constitutes a reason for this court to decline to exercise its discretion to review the asserted error as plain error. Finally, it argues that the exception for the fact of a prior conviction should, in any event, include the facts on which the trial court based defendant's departure sentence— defendant's persistent involvement in criminal conduct and the fact that defendant was not deterred by prior terms of probation or incarceration.

Even assuming that defendant preserved his challenge to his sentences on the ground that they constituted unlawful indeterminate sentences, we understand the trial court's notation that defendant's combined incarceration and PPS terms are not to exceed 60 months—the maximum indeterminate sentence for a Class C felony—merely to relate to the sentencing guidelines rule to the same effect. *See* OAR 213-005-0002(4). We therefore reject without further discussion defendant's challenge to the sentences on that ground.

Nevertheless, for the reasons discussed in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), defendant's upward departure sentences are plainly erroneous and we exercise our discretion to correct the errors.

Sentences vacated; remanded for resentencing; otherwise affirmed.