Argued and submitted August 31, sentence vacated; remanded for resentencing; otherwise affirmed October 12, 2005

STATE OF OREGON,
*Respondent,*

*v.*

MIGUEL VELASQUEZ COLIN,
*Appellant.*

C961860CR; A125566

120 P3d 1259

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

PER CURIAM

_____

* Rosenblum, J., *vice* Ceniceros, S. J.

## PER CURIAM

Defendant appeals his sentence on a conviction for kidnapping in the second degree, ORS 163.225. He argues that the trial court abused its discretion in failing to grant a continuance before resentencing him. He further argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on a finding that the harm to the victim was substantially greater than typical for the offense, because defendant did not admit to that fact and the court did not submit it to a jury, in violation of his rights under the Sixth Amendment to the United States Constitution. We do not reach defendant's first argument because we conclude that he is entitled to resentencing based on his second argument.

Although he did not advance such a challenge to the trial court, he argues that the sentence should be reviewed as plain error. Under our decisions in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), and *State v. Sawatzky*, 195 Or App 159, 96 P3d 1288 (2004), the sentence is plainly erroneous. For the reason set forth in *Perez*, we exercise our discretion to correct the error.

Sentence vacated; remanded for resentencing; otherwise affirmed.