Submitted on record and briefs September 30, sentences vacated; remanded for resentencing; otherwise affirmed November 16, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## MARTIN MICKY RUIZ,
*Appellant.*

01041463C, 02103153C2; A120667 (Control), A120668
(Cases Consolidated)

123 P3d 381

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Susan F. Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Susan F. Drake filed the supplemental brief.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Bethany C. Cunningham, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

**PER CURIAM**

Defendant was convicted of being a felon in possession of a firearm, ORS 166.270, and sentenced to 14 months in prison. At the same sentencing hearing, his probation for a prior conviction of third-degree assault was revoked and he received an 18-month dispositional departure sentence, to be served consecutively to the sentence in the possession case. On appeal, defendant argues that ORS 166.270 violates Article I, section 27, of the Oregon Constitution. A similar argument was rejected in *State v. Hirsch/Friend*, 338 Or 622, 114 P3d 1104 (2005). Accordingly, we reject defendant's argument.

Defendant also challenges his sentence for the assault conviction. The trial court did not specifically state the factors upon which it relied to impose the departure, although it appears that it relied upon factors suggested by the state in the possession case: defendant was on abscond status when he committed the crime and continued to be violent. Defendant argues that the court's upward departure was erroneous under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because it was based on facts that were not admitted by defendant nor found by a jury. Although defendant did not advance such a challenge below, he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the trial court's upward departure is plainly erroneous. For the reason set forth in *Perez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.