Submitted on record and briefs September 30, sentences vacated; remanded for resentencing; otherwise affirmed November 16, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JAMES ALLEN CLARK,
*Appellant.*

03C48891; A123388

123 P3d 377

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Tammy W. Sun, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of 10 counts of encouraging child sexual abuse in the first degree. On appeal, he argues initially that the trial court erred in determining that the state's witnesses were qualified to testify that the persons depicted in electronic images were actual people under the age of 18. There was no error in that regard because of the foundation for the evidence introduced by the state.

Defendant also argues that the trial court's imposition of an upward departure sentence of 90 months' imprisonment and 36 months' post-prison supervision on his conviction on count one was erroneous under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because it was based on facts that were not admitted by defendant nor found by a jury. Although defendant did not advance such a challenge below, he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the trial court's upward departure—based on its findings that prior sanctions had not been effective, that defendant had a high risk of reoffending, and that defendant had failed to complete previous treatment programs—is plainly erroneous. For the reason set forth in *Perez*, we exercise our discretion to correct the error.[1]

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] Defendant also assigns error to the trial court's imposition of consecutive sentences with respect to his convictions on counts two and three. Because we remand for resentencing pursuant to ORS 138.222(5), we need not reach that assignment.