Submitted on record and briefs November 30, sentences vacated; remanded for resentencing; otherwise affirmed December 28, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## JIMMY ARTHUR WEISS, JR.,
*Appellant.*

03-07-33207; A123325

124 P3d 1293

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted of one count of unauthorized use of a vehicle, ORS 164.135, and one count of possession of a stolen vehicle, ORS 819.300. For both counts, the trial court found defendant to be subject to a repeat property offender presumptive sentence under ORS 137.717, based on his criminal history. The trial court also imposed dispositional departure sentences on both counts, based on a finding that defendant was on probation at the time of the offense and a finding of persistent involvement in similar offenses. On appeal, defendant challenges only the sentences, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in treating him as a repeat property offender and in imposing departure sentences based on facts that defendant did not admit and that were not found by a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentences should be reviewed as plain error.

We need not reach the question whether the trial court's use of defendant's criminal history for purposes of ORS 137.717 fits within the exception described by the Court in *Blakely* and *Apprendi* for "the fact of a prior conviction." The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the departure sentences are plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.