Submitted on record and briefs July 28, sentence vacated; remanded for resentencing; otherwise affirmed December 28, 2005

STATE OF OREGON,
*Respondent,*

*v.*

PATRICK CARLYLE COLLINS III,
*Appellant.*

20-02-00204, 21-00-15918;
A119343 (Control), A119344
(Cases Consolidated)

124 P3d 1291

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Monica L. Finch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

* Schuman, J., *vice* Richardson, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted of felony driving under the influence of intoxicants, ORS 813.010(5). The trial court imposed an upward durational departure sentence, based on defendant's failure to appear at an earlier sentencing hearing and a finding that defendant was on probation at the time of the offense. The trial court found that either of the factors was sufficient to support departure. On appeal, defendant challenges only the sentence, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that were not found by a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error. The state argues that because defendant admitted that he had failed to appear at an earlier hearing and that he was on probation at the time of the offense, the trial court did not err in imposing the departure sentence.

In *State v. Allen*, 198 Or App 392, 395-96, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), we explained that the imposition of an upward departure sentence based on a defendant's supervisory status requires inferences, beyond the bare fact that the defendant was on supervision, about the "malevolent quality" of the defendant and the failure of supervision to serve as an effective deterrent. Even if defendant acknowledged that he was on probation, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." *Id.*; *see also State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005). Consistently with *Allen*, defendant's admission that he was on probation was insufficient to support a departure sentence. However, our reasoning in *Allen* applies with equal force to the imposition of an upward departure sentence based on defendant's failure to appear at a sentencing hearing. For the purposes of imposing a departure sentence, a defendant's failure to appear at a sentencing hearing necessarily requires inferences beyond the mere fact

that the defendant missed the hearing—inferences about, for example, the defendant's character. Thus, defendant was entitled to have a jury determine whether such inferences were appropriate. The trial court's imposition of a departure sentence based on judicial findings that defendant was on probation at the time of the crime and that he had failed to appear at an earlier sentencing hearing is therefore plain error that, for the reason discussed in *Perez*, 196 Or App at 373, we exercise our discretion to reach.

Sentence vacated; remanded for resentencing; otherwise affirmed.