Submitted on record and briefs November 30, sentence vacated; remanded for resentencing; otherwise affirmed December 28, 2005

STATE OF OREGON,
*Respondent,*

*v.*

GABRIEL FARIAS-ESTRADA,
*Appellant.*

04CR0228; A125264

124 P3d 1289

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of delivery of a controlled substance, ORS 475.992(1)(a). The trial court imposed an upward durational departure sentence, based on findings of "Harm or Loss Significantly Greater than Typical" and "Organized Crime Operation." The trial court found that either of the factors was sufficient to support departure. On appeal, defendant challenges only the sentence, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that were not found by a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error.

With respect to the aggravating factor "Harm or Loss Significantly Greater than Typical," the state argues that defendant's counsel remarked during the sentencing hearing that the factor was "legitimate" and that in so doing defendant was "essentially admitting the existence of the facts necessary to that determination." Defendant's counsel's remark that the factor was "legitimate" does not amount to an admission of the underlying facts for purposes of *Blakely*. Under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the court's imposition of a departure sentence based on that factor was plainly erroneous. With respect to the court's finding of "organized crime operation," the state concedes that, under *Gornick* and *Perez*, the sentence is plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Sentence vacated; remanded for resentencing; otherwise affirmed.