Submitted on record and briefs November 30, sentence vacated; remanded for resentencing; otherwise affirmed December 28, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JOSEPH LAVERN GALLINO,
*Appellant.*

20-03-16607; A124009

124 P3d 1294

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of felony violating a court's stalking protective order. ORS 163.750(2)(b)(B). The trial court imposed an upward durational departure sentence based on findings that defendant was on probation at the time of the offense, that there had been repeated victimization of the same victim, that there was persistent involvement in similar offenses, and that the harm to the victim was greater than typical. On appeal, defendant challenges only the sentence, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that were not found by a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentence is plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Sentence vacated; remanded for resentencing; otherwise affirmed.