### STATE OF OREGON,
*Respondent,*

*v.*

### JERRY ALLEN MILLER,
*Appellant.*

03CR0112; A123020

131 P3d 818

Priscilla Maloney filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Wollheim and Rosenblum,* Judges.

PER CURIAM

_____

* Rosenblum, J., *vice* Richardson, S. J.

## PER CURIAM

Defendant was convicted after a jury trial of failure to report as a sex offender. ORS 181.599. At sentencing, the trial court imposed an upward departure sentence on the grounds that defendant had persistently been involved in similar activity, that defendant had been on post-prison supervision at the time of the offense, and that defendant had multiple parole violations. On appeal, defendant raises several challenges to his conviction and sentence. We reject without discussion defendant's challenges to his conviction. Regarding his sentence, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that were not found by a jury or admitted by defendant, in violation of his rights under the Sixth Amendment to the United States Constitution.

Although defendant did not advance such a challenge to the trial court, he argues that the sentence should be reviewed as plain error. We agree. We have held that judicial factfinding on aggravating factors such as those runs afoul of the rule of law announced in *Blakely. See, e.g., State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005) (concerning persistent involvement and on supervision departure factors). For the reason set forth in *Perez*, we exercise our discretion to correct the error.

Sentence vacated; remanded for resentencing; otherwise affirmed.