Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, 2009

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**MARTIN MICKY RUIZ,**
*Defendant-Appellant.*

Malheur County Circuit Court
01041463C, 02103153C2;
A120667 (Control), A120668

205 P3d 81

Peter Gartlan, Chief Defender, and Susan F. Drake, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Ruiz*, 202 Or App 657, 123 P3d 381 (2005) (*Ruiz I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Ruiz*, 345 Or 316, 195 P3d 63 (2008). In *Ruiz I*, we remanded for resentencing because the court had imposed an upward departure sentence on defendant's conviction for third-degree assault based on judicial factfinding, in violation of his jury trial rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we conclude that we should not exercise our discretion to remand for resentencing. Accordingly, we affirm.

Under *Ailes*, the first question is whether the error is "plain." Given that the departure sentence was not based on facts found by a jury beyond a reasonable doubt, we agreed with defendant that that aspect of the sentencing constituted error apparent on the face of the record. ORAP 5.45.

The second inquiry is whether this court should exercise its discretion to correct the error. That inquiry involves the assessment of a variety of factors, including

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. Under *Fults* and *Ramirez*, any correction of unpreserved error must be fully and carefully justified. For the reasons that follow, we conclude that "the

competing interests of the parties" factor and the "ends of justice" factor militate decisively against the exercise of *Ailes* discretion.

Defendant was sentenced in January 2003 to 32 months' imprisonment with 24 months of post-prison supervision. In February 2009, this court contacted the parties to inquire whether the case was moot due to defendant completing both the incarceration and post-prison supervision portions of his sentence. In its response, the state indicated that defendant has not completed his period of post-prison supervision because he currently is not in the state and is on "abscond status." *See* OAR 255-075-0075(4) (if a defendant has absconded from post-prison supervision, time on abscond status does not count toward period of post-prison supervision). Defense counsel likewise acknowledges that corrections records indicate that defendant is not currently in the state—and, in fact has been on abscond status for more than three years—and, thus, his period of post-prison supervision has not run.

In this circumstance, where it is undisputed by the parties that the only reason that defendant has not finished serving his period of post-prison supervision is because of his abscond status, we conclude that defendant's interest in resentencing is minimal. Moreover, given defendant's current unavailability, the state has a strong interest in avoiding the difficulty in attempting to obtain resentencing of a defendant who is not available for resentencing. Likewise, the "ends of justice" are not materially advanced by requiring a trial court to attempt to hold a second sentencing hearing to correct a sentencing error in circumstances such as these.[1]

We therefore decline to exercise our discretion to correct the sentencing error.

Affirmed.

---

[1] In June 2008, the Appellate Commissioner of this court denied the state's motion to dismiss the appeal pursuant to ORAP 8.05(3) on the ground that defendant had absconded from supervision, concluding that the state had failed to make a *prima facie* showing that defendant had absconded.

We emphasize that we are not, in fact, second-guessing the Appellate Commissioner's ruling as to ORAP 8.05(3). Here, our decision not to exercise discretion is based on both parties' current representations that, as of February 2009, defendant remains on abscond status.