Argued and submitted November 30, 2004, affirmed February 9, petitioner's petition for reconsideration filed March 21 allowed by opinion May 18, 2005 See 199 Or App 525 (2005)

STATE OF OREGON,
*Respondent,*

*v.*

PHILLIP GILBERTO VIGIL,
*Appellant.*

CFH020189; A121435

106 P3d 656

Jamesa Drake, Deputy Public Defender, argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Rebecca Duncan, Chief Deputy Public Defender, Office of Public Defense Services.

Doug Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

BREWER, C. J.

---

* Brewer, C. J., *vice* Deits, J. pro tempore.

## BREWER, C. J.

A jury convicted defendant of nine offenses. At sentencing, the trial court ordered that defendant not be considered for temporary leave, earned time sentence reductions, early and work release, or other forms of sentence modification. ORS 137.750; ORS 137.752. On appeal, defendant argues that, because the denial was based on a fact found by the court rather than by the jury, his sentence is unlawful under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Defendant concedes that he did not raise the issue before the trial court, but he argues that we may review it as an error apparent on the face of the record. We affirm.

ORS 137.750 provides, in part:

"(1)   When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or programs.

"(2)   The executing or releasing authority may consider the defendant for the programs described in subsection (1) of this section only upon order of the sentencing court appearing in the judgment."

ORS 137.750 applies to defendants in the custody of state executing or releasing—that is, correctional—authorities. ORS 137.750(3). ORS 137.752 contains similar provisions that apply to defendants in the custody of county correctional authorities.

At defendant's sentencing hearing, he requested that the trial court permit him to be considered by the relevant custodial authority for sentence modifications as provided in ORS 137.750. The state opposed the request, citing

defendant's "extensive criminal history." The court adopted the state's recommendation and entered a judgment reflecting the denial of consideration. This appeal followed.

■        In his sole assignment of error, defendant argues that the trial court violated his right to trial by jury under the Sixth Amendment to the United States Constitution.[1] He relies on *Apprendi*, in which the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 US at 490. Defendant contends that, because consideration for sentence modification programs can be denied only on a judicial finding of "substantial and compelling reasons," ORS 137.750(1) and ORS 137.752(1), a sentence that does not permit such consideration exceeds the maximum authorized by the jury's verdict. According to defendant, then, under Oregon's sentencing scheme, the "prescribed statutory maximum" for *Apprendi* purposes is the maximum presumptive sentence under the sentencing guidelines minus the sentence reductions for which a defendant ordinarily is eligible under various sentence modification programs. Defendant argues that the trial court denied consideration in this case based on a fact to which he did not admit and that the state did not prove to the jury beyond a reasonable doubt. It follows, in his view, that his sentence is unlawful under *Apprendi*. As noted, defendant concedes that his argument is unpreserved, but he contends that we may review it as plain error.

The state responds that, for two reasons, there is no plain error for us to review. The state argues first that it is at least arguable that denial of consideration for sentence modification programs does not result in the imposition of a longer sentence. The state takes the position that ORS 137.750 and ORS 137.752 provide for consideration for sentence reduction, not enhancement, and therefore do not implicate *Apprendi*. The state next argues that, even if the rule in *Apprendi* applies to circumstances such as sentence

---

[1] The Sixth Amendment provides, in part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *."

reductions, this case comes within the exception to that rule for the "fact of a prior conviction" because the court denied defendant consideration based on his criminal record.

In reply, defendant argues that the exception in *Apprendi* for the fact of a prior conviction is *dictum* and, even if it is not, that the exception does not apply here because the trial court's finding was based on the nature of defendant's criminal history—its "extensive[ness]"—not on the bare fact of his prior convictions alone.[2]

■ We have discretion to review an unpreserved error of law that is "apparent on the face of the record." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). An error is apparent if it is obvious, that is, not reasonably in dispute. *Id.* It appears "on the face of the record" if we "need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *Id.* If we exercise our discretion to review a plain error, we must articulate our reasons for doing so. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

■ In *Blakely v. Washington*, 542 US ___ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), the United States Supreme Court held that the "prescribed statutory maximum" sentence

> "for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he [or she] may impose *without* any additional findings."

*Id.* at ___ , 124 S Ct at 2537 (citations omitted; emphasis in original). Under the Oregon sentencing guidelines, the relevant statutory maximum is the presumptive sentence

---

[2] Defendant does not argue that the trial court's finding that he had an "extensive criminal history" could not serve as a "substantial and compelling" reason to deny consideration for sentence modification programs because his prior convictions were already captured in his criminal history score. We therefore do not consider whether the "extensive" quality of defendant's criminal history provided an adequate basis for the denial.

reflected in the appropriate guidelines grid block. *State v. Dilts*, 337 Or 645, 652, 103 P3d 95 (2004).

We reject defendant's contention that it is obvious that the maximum sentence authorized by the jury's verdict is a defendant's presumptive guidelines sentence *minus* any sentence reductions for which a defendant is "otherwise eligible." As explained above, under ORS 137.750, a trial court can deny consideration by an executing or releasing authority for sentence modification or reduction programs for which a defendant is "otherwise eligible." However, mere eligibility for such sentence reductions does not necessarily mean that the defendant will, in fact, obtain them. *See, e.g.*, ORS 421.121 (relating to "earned time" sentence reductions based on appropriate institutional behavior). Thus, notwithstanding the possibility of obtaining those reductions, under the applicable statutes, the maximum sentence authorized by the jury's verdict arguably remains the presumptive sentence. *Cf. Dilts*, 337 Or at 652. By the same reasoning, a sentencing court's order that the defendant not even be considered by the executing or releasing authority for sentence reduction programs arguably does not increase the defendant's maximum sentence.

In short, it is not obvious that the principles enunciated in *Apprendi* and *Blakely* apply to the denial of consideration for sentence modification programs. We need not address the parties' remaining arguments. There is no error apparent on the face of the record.

Affirmed.