Argued and submitted March 31, reversed and remanded for resentencing
April 27, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## ALEXANDER JENKINS,
aka Alexander Jenkins, II,
*Appellant.*

0204-32547; A120295

111 P3d 782

James N. Varner argued the cause and filed the briefs for appellant.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega,* Judges.

PER CURIAM

---

* Ortega, J., *vice* Richardson, S. J.

## PER CURIAM

■■ Defendant appeals his convictions and sentences for felon in possession of a firearm, ORS 166.270, unlawful use of a weapon, ORS 166.220, and unlawful possession of a firearm, ORS 166.250. We affirm defendant's convictions without discussion. On defendant's conviction for felon in possession, the trial court imposed an upward durational departure sentence based on a finding that defendant was on supervision at the time of the crime. Defendant asserts that the imposition of the departure sentence violates his Sixth Amendment rights as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and that the error, although unpreserved, is apparent on the face of the record. We agree. *See State v. Perez*, 196 Or App 364, 371-72, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005) (treating similar departure sentence as plain error).

The state contends that *Perez* is distinguishable because, in this case, defendant admitted at sentencing that he was on supervision. We noted in *Perez*, however, that this departure factor implicates whether "parole or probation 'failed to deter' defendant from committing further offenses." *Id.* at 372. Thus, while defendant may have acknowledged that he was on supervision, additional factfinding was required for imposition of a departure sentence under the circumstances. We conclude therefore that *Perez* is not distinguishable and that error is apparent on the face of the record. *Accord State v. Allen*, 198 Or App 392, 108 P3d 651 (2005) (same).

Reversed and remanded for resentencing.