## STATE OF OREGON,
*Respondent,*

*v.*

## PHILLIP GILBERTO VIGIL,
*Appellant.*

## CFH020189; A121435

112 P3d 441

Jamesa J. Drake, Deputy Public Defender, for petition.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant petitions for reconsideration of our opinion in *State v. Vigil*, 197 Or App 407, 106 P3d 656 (2005). Specifically, he asks that we reconsider our decision affirming the trial court's denial of defendant's eligibility for sentence modification programs. We allow defendant's petition, modify our opinion, and adhere to it as modified.

Defendant objects to the way in which we characterized his proposed definition of the "prescribed statutory maximum sentence" under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). We stated, "According to defendant, then, under Oregon's sentencing scheme, the 'prescribed statutory maximum' for *Apprendi* purposes is the maximum presumptive sentence under the sentencing guidelines minus the sentence reductions for which a defendant ordinarily is eligible under various sentence modification programs." *Vigil*, 197 Or App at 410.

According to defendant, he "never suggested that 'the prescribed statutory maximum sentence' was a guidelines sentence *minus* any sentencing reductions." (Emphasis in original.) Instead, he asserts, he "argued that 'the prescribed statutory maximum sentence' 'is the longest sentence denoted in the presumptive grid block range, *with eligibility* for [sentence modification programs].' " (Emphasis in petition.) He contends that defining the prescribed statutory maximum as a sentence "with eligibility" for sentencing reductions "reflects the fact that a defendant who is eligible for sentencing reductions may or may not actually earn them," and he thus concedes that some defendants who are eligible for sentencing reductions will not earn them. But he argues that "the fact that *some* defendants will not benefit from their eligibility is irrelevant. At the time that the sentence is executed, *all* the defendants who are denied eligibility for sentencing reductions receive a greater maximum sentence than those who are granted eligibility." (Emphasis in original.) In other words, defendant argues that the "sentence" is the judgment of the sentencing court rather than time actually served by the offender.

■■    We acknowledge that our original opinion mischaracterized defendant's argument. Nevertheless, the reasoning in our opinion remains sound. The "statutorily prescribed maximum" for *Apprendi* purposes is the maximum term that a defendant could receive based solely on the jury's verdict—in other words, without any additional findings made by the court. *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 2537, 159 L Ed 2d 403 (2004). The maximum that a defendant could receive, if sentenced without any additional court findings, is the presumptive sentence; it is beyond dispute that the penalty received by a defendant who was eligible for, but failed to earn, early-release credits would not exceed the maximum authorized by the jury's verdict. It is not possible that defendant's penalty will exceed that amount of time.

■■    We reiterate the grounds for our earlier decision: We affirmed the trial court's judgment because defendant failed to preserve his *Apprendi* argument at trial and because the error that he asserted on appeal was not apparent on the face of the record. *Vigil*, 197 Or App at 412. In other words, we affirmed because it was not beyond reasonable dispute that defendant's argument was correct. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (error is apparent if "the legal point is obvious, not reasonably in dispute").

Notwithstanding the possibility that a defendant will obtain sentence reductions, the maximum *penalty* authorized by the jury's verdict arguably remains the presumptive sentence. A sentencing court's order that the defendant not be considered by the executing or releasing authority for sentence reduction programs arguably does not increase the maximum penalty to which the defendant is exposed. In short, it is not obvious that *Apprendi* applies to the denial of consideration for sentence modification programs. There is no error apparent on the face of the record.

Petition for reconsideration allowed; former opinion modified and adhered to as modified.