Submitted on record and briefs May 23, sentences vacated; remanded for
resentencing; otherwise affirmed July 27, 2005

STATE OF OREGON,
*Respondent,*

*v.*

TERRY LUCKY PRICE,
*Appellant.*

03CR0016; A122503

117 P3d 298

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Linda Wicks, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

LANDAU, P. J.

---

* Brewer, C. J., *vice* Ceniceros, S. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction and sentence for felony driving while under the influence of intoxicants (DUII), ORS 813.010(5), and driving while suspended, ORS 811.182. He first argues that the upward durational departure sentence imposed by the trial court on his DUII conviction was error under *Blakely v. Washington,* 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey,* 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because a jury did not determine his criminal history score, did not determine the existence of the departure factors relied on by the trial court, and did not make the findings supporting the trial court's denial of consideration for sentence modification programs as provided in ORS 137.750.

Defendant concedes that he did not preserve his *Blakely / Apprendi* challenges to the sentence but argues that the asserted errors are apparent on the face of the record, ORAP 5.45(1), and that we should exercise our discretion to review them. He also argues that, because his three prior DUII convictions were used to elevate his current DUII offense from a misdemeanor to a felony, including them in his criminal history score violates the sentencing guidelines statutory scheme and his constitutional former jeopardy and due process rights.

Defendant concedes that in *State v. McCoin,* 190 Or App 532, 79 P3d 342 (2003), *rev den,* 336 Or 422 (2004), we determined that the challenged use of prior DUII convictions does not violate the relevant statutory provisions or constitutional former jeopardy principles; he asserts, however, that *McCoin* was wrongly decided and, in any event, did not present a due process issue.

In *State v. Vigil,* 197 Or App 407, 106 P3d 656, *adh'd to as modified on recons,* 199 Or App 525, 112 P3d 441 (2005), we held that a trial court's use of unadmitted and unproven facts to foreclose consideration for sentence modification programs for which the defendant otherwise is eligible, as provided in ORS 137.750, is not error apparent on the face of the record. In addition, it also is reasonably in dispute whether a jury must determine a defendant's criminal history score;

accordingly, that unpreserved claim of error also is not subject to our review.

■ By contrast, in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we determined that imposition of a sentencing guidelines departure sentence based on facts not found by a jury or admitted by a defendant is plain error. We therefore vacate defendant's sentences and remand for resentencing.

■ Because the issues are likely to arise on remand, we note that, as defendant concedes, his statutory and constitutional former jeopardy arguments against inclusion of his prior DUII convictions in his criminal history score were decided against him in *McCoin*. We decline to revisit our reasoning and conclusions in that case. Finally, although *McCoin* did not involve a due process challenge, defendant failed to preserve that issue for our review; accordingly, we do not address it.

Sentences vacated; remanded for resentencing; otherwise affirmed.