Submitted on record and briefs July 28, sentence vacated; remanded for
resentencing; otherwise affirmed August 31, 2005

STATE OF OREGON,
*Respondent,*

*v.*

CHARLES CLIFTON PALMER,
*Appellant.*

CR0301334; A125283

118 P3d 853

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Richardson, S. J.

**LANDAU, P. J.**

Defendant was convicted of assault in the fourth degree. ORS 163.160. The trial court imposed an upward durational departure sentence, based on a finding of persistent involvement in similar offenses. The court also ordered under ORS 137.750 and ORS 137.752 that defendant not be considered for early release or sentence reduction for the first 36 months of the sentence.

On appeal, defendant challenges only the sentence, on two grounds. First, he argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that the court did not submit to a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentence is plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Second, defendant argues that the court's decision with respect to his consideration for early release and sentence reduction also violated the principles articulated in *Blakely* and *Apprendi*. He concedes that he did not advance that contention either, but argues that the sentence should be reviewed as plain error. Our rejection of the same contention in *State v. Vigil*, 197 Or App 407, 106 P3d 656, *adh'd to on recons*, 199 Or App 525, 112 P3d 441, *rev den*, 339 Or 156 (2005), is controlling.

Sentence vacated; remanded for resentencing; otherwise affirmed.