Submitted on record and briefs July 28, sentences vacated; remanded for resentencing; otherwise affirmed December 14, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID CHARLES CARR,
*Appellant.*

03C-52930; A124994

124 P3d 1260

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

* Schuman, J., *vice* Richardson, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant pleaded guilty to delivery of a controlled substance to a minor (DCS), ORS 475.995, and contributing to the sexual delinquency of a minor, ORS 163.435. The trial court determined that defendant's criminal history score for the purpose of the DCS conviction was F, resulting in a presumptive sentence of 23 to 24 months. Based on the aggravating factors that defendant was on both probation and post-prison supervision (PPS) at the time he committed the offense, that previous sanctions had not deterred defendant from criminal behavior, and that other charges had been dismissed pursuant to plea negotiations, the trial court imposed an upward durational departure sentence of 48 months' imprisonment.[1] The court also denied defendant consideration for "alternative incarceration programs," that is, sentence modifications. ORS 137.750.

On appeal, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), he was entitled to a jury determination of his criminal history score, of the upward departure factors relied on by the trial court, and of the facts on which the trial court based its denial under ORS 137.750 of consideration for sentence modifications. Defendant concedes that he did not preserve any of his challenges to the relevant sentence but argues that the asserted errors are plain error. The state responds that defendant admitted his criminal history score in his plea agreement, that he admitted the facts supporting the upward departure sentence, and that the denial of consideration for sentence modification programs was not plain error.

In *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), we held that, although the defendant in that case had admitted his "parole status," an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the

---

[1] The trial court did not state that any one of the aggravating factors was independently sufficient to support imposition of the departure sentence.

offender and the failure of his [supervisory] status to serve as an effective deterrent" and that, where the defendant did not admit those further facts, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." *See also State v. Jenkins*, 199 Or App 384, 111 P3d 782 (2005) (departure factor of being on supervision implicates whether that status failed to deter the defendant from committing further offenses); *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005) (factor of being on supervision falls outside the exception in *Apprendi* for "the fact of a prior conviction").

The equivalent analysis applies here. Thus, notwithstanding defendant's admission of his probationary and PPS status, imposition of a departure sentence based in part on that factor was plain error, which, for the reason stated in *Perez*, we exercise our discretion to reach. We therefore vacate defendant's sentences and remand the case for resentencing.

Because we are vacating defendant's sentences, we need not address his other sentence-based challenges.

Sentences vacated; remanded for resentencing; otherwise affirmed.