Submitted on record and briefs November 30, sentence vacated; remanded for resentencing; otherwise affirmed December 28, 2005

STATE OF OREGON,
*Respondent,*

*v.*

MARK JASON SPENCER,
*Appellant.*

02C-43118; A122719

125 P3d 849

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Jennelle Meeks Barton, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

■　Defendant was convicted of unauthorized use of a vehicle, ORS 164.135. The trial court imposed a durational departure sentence, based on findings that defendant was on parole at the time of the offense, that defendant's criminal history was not reflected in his criminal history score, that prior sanctions had been ineffective in deterring defendant's criminal behavior, and that defendant had been persistently involved in similar offenses. The trial court found that each of the factors was independently sufficient to support a departure. The court also ordered that defendant not be considered for early release or sentence reductions for the first 13 months of the sentence. ORS 137.750. On appeal, defendant challenges the sentence, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that were not found by a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error.

The state argues that all of the trial court's findings supporting the departure were based on a presentence investigation report (PSI) that defendant had requested and to the contents of which defendant did not object. The state argues that defendant thus "admitted" the facts on which the court relied in imposing the departure sentence.

In *State v. Allen*, 198 Or App 392, 395-96, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), we explained that the imposition of an upward departure sentence based on a defendant's supervisory status requires inferences about the "malevolent quality" of the defendant and the failure of supervision to serve as an effective deterrent. Likewise, in this case, the imposition of defendant's departure sentence based on the facts contained in the PSI required further inferences about defendant's malevolence and undeterrability. Thus, even if we were to accept the state's contention that defendant admitted to the facts in the PSI, he "was entitled to have a jury determine

whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." *Id. See also State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005). The trial court's imposition of a departure sentence in this case is therefore plain error, that, for the reason discussed in *Perez*, 196 Or App at 373, we exercise our discretion to reach.

■ Defendant also argues that the court's order with respect to his consideration for early release and sentence reductions violated the principles articulated in *Blakely* and *Apprendi*. He concedes that he did not advance that contention either, but argues that the sentence should be reviewed as plain error. Our rejection of the same contention in *State v. Vigil*, 197 Or App 407, 106 P3d 656, *adh'd to on recons*, 199 Or App 525, 112 P3d 441, *rev den*, 339 Or 156 (2005), is controlling.

Sentence vacated; remanded for resentencing; otherwise affirmed.