Submitted on record and briefs January 5, sentences vacated; remanded for resentencing; otherwise affirmed February 1, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## PHELLIPE LYNN JACKSON,
*Appellant.*

0303-31429; A123285

129 P3d 202

Ingrid A. MacFarlane filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

PER CURIAM

**PER CURIAM**

Defendant was convicted of kidnapping in the second degree, unlawful use of a weapon, and menacing. The trial court imposed an upward departure sentence on the kidnapping conviction, based on defendant's counsel's admission that defendant was on probation at the time the crimes were committed. Defendant argues that the court's upward departure was erroneous under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because it was based on facts that were not admitted by defendant nor found by a jury. Defendant concedes that he did not preserve this issue at trial, but argues that it should be reviewed as plain error.

Under our decision in *State v. Jenkins*, 199 Or App 384, 111 P3d 782 (2005), the trial court's upward departure, which implicates whether probation failed to deter defendant from committing further offenses, is plainly erroneous. For the reasons set forth in *Jenkins*, we exercise our discretion to correct the error.[1]

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] Because we vacate defendant's sentences and remand for resentencing, we need not address defendant's remaining arguments regarding the lawfulness of his sentences.