Argued and submitted February 22, affirmed May 3, petition for review denied
August 15, 2006 (341 Or 245)

## STATE OF OREGON,
*Respondent,*

*v.*

## SHANE CARL CLARK,
aka Jason Brian Clark,
*Appellant.*

## 04C43830; A125925

134 P3d 1074

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.*

BREWER, C. J.

---

* Ortega, J., *vice* Ceniceros, S. J.

## BREWER, C. J.

Defendant pleaded guilty to 22 offenses. For three of the convictions, each for identity theft, the court imposed consecutive sentences and, pursuant to ORS 137.750, denied consideration for leave, release, or other sentence modification programs. On appeal, defendant makes the preserved assignment of error that the trial court violated his Sixth Amendment right to a jury trial by denying him consideration for leave, release, and other sentence modification programs under ORS 137.750[1] based on findings of fact to which he did not admit and that a jury did not find beyond a reasonable doubt. We affirm.

Based on guilty pleas, defendant was convicted of two counts of possession of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005); 16 counts of identity theft, ORS 165.800; one count of first-degree criminal possession of a forged instrument, ORS 165.022; one count of attempted first-degree theft, ORS 161.405 and ORS 164.055; one count of fraudulent use of a credit card, ORS 165.055; and one count of unauthorized use of a vehicle, ORS 164.135. For each of the identity theft counts, the trial court determined that defendant was a grid block 2-E offender and, pursuant to ORS 137.717(1)(b), it imposed a presumptive repeat property offender sentence of 13 months' imprisonment. The court imposed consecutive sentences on eight of the identity theft convictions. The court imposed concurrent sentences on the remaining 14 convictions. As noted, pursuant to ORS 137.750, the court denied

---

[1] ORS 137.750 provides, in part:

"(1) When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or programs.

"(2) The executing or releasing authority may consider the defendant for the programs described in subsection (1) of this section only upon order of the sentencing court appearing in the judgment."

consideration for leave, release, or other sentence modification programs for the first three of the consecutively imposed identity theft sentences. However, the court allowed consideration for sentence modifications under ORS 137.750 for each of the remaining sentences that it imposed. In total, the court denied consideration for sentence modifications under ORS 137.750 for the first 39 months of defendant's total sentence of 104 months' imprisonment.

■     At sentencing, defendant asserted that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the court was required to order that he be considered for sentence modification and reduction programs under ORS 137.750, unless the facts pertaining to the denial of such consideration were proved to a jury or admitted by defendant. The trial court rejected that argument. The state concedes, and we agree, that defendant adequately preserved his argument for appeal. This case thus presents, in a preserved posture, the same issue that we considered in the context of an unpreserved claim of error in *State v. Vigil*, 197 Or App 407, 106 P3d 656, *adh'd to on recons*, 199 Or App 525, 112 P3d 441, *rev den*, 339 Or 156 (2005).

■     In *Apprendi v. New Jersey,* 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely*, the Court held that the "prescribed statutory maximum" sentence

> "for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he [or she] may impose *without* any additional findings."

542 US at 303-04 (citations omitted; emphasis in original).

Under the Oregon sentencing guidelines, the relevant statutory maximum is the presumptive sentence reflected in the appropriate guidelines grid block. *State v.*

*Dilts*, 337 Or 645, 652, 103 P3d 95 (2004). In this case, how-
ever, ORS 137.717, the statute under which defendant was
sentenced, establishes a somewhat different presumptive
sentence arrangement.[2] The statute prescribes specific pre-
sumptive prison sentences—not presumptive sentence
ranges—for various repeat property offenses, including iden-
tity theft, ORS 137.717(1)(b), unless the court finds substan-
tial and compelling reasons to depart. ORS 137.717(3)(b).
Thus, the relevant statutory maximum sentence on each of
the three challenged counts is 13 months' imprisonment.[3]

     In *Vigil*, we held that a trial court's use of unadmit-
ted and unproven facts to foreclose consideration for sentence

---

    [2] ORS 137.717 provides, in part:

    "(1) When a court sentences a person convicted of:

    "* * * * *

    "(b) Theft in the first degree under ORS 164.055, unauthorized use of a
vehicle under ORS 164.135, burglary in the second degree under ORS 164.215,
criminal mischief in the first degree under ORS 164.365, computer crime
under ORS 164.377, forgery in the first degree under ORS 165.013, identity
theft under ORS 165.800, possession of a stolen vehicle under ORS 819.300 or
trafficking in stolen vehicles under ORS 819.310, the presumptive sentence is
13 months of incarceration, unless the rules of the Oregon Criminal Justice
Commission prescribe a longer presumptive sentence, if the person has:

    "(A) A previous conviction for aggravated theft in the first degree under
ORS 164.057, unauthorized use of a vehicle under ORS 164.135, burglary in
the first degree under ORS 164.225, robbery in the second degree under ORS
164.405, robbery in the first degree under ORS 164.415, possession of a stolen
vehicle under ORS 819.300 or trafficking in stolen vehicles under ORS
819.310; or

    "(B) Four previous convictions for any combination of the other crimes
listed in subsection (2) of this section.

    "* * * * *

    "(3) The court may impose a sentence other than the sentence provided by
subsection (1) of this section if the court imposes:

    "(a) A longer term of incarceration that is otherwise required or author-
ized by law; or

    "(b) A departure sentence authorized by the rules of the Oregon Criminal
Justice Commission based upon findings of substantial and compelling rea-
sons. Unless the law or the rules of the Oregon Criminal Justice Commission
allow for imposition of a longer sentence, the maximum departure allowed for
a person sentenced under this subsection is double the presumptive sentence
provided in subsection (1) of this section."

    [3] A person serving a sentence imposed under ORS 137.717 is not precluded by
that statute from obtaining sentence modifications. Such a person therefore is sub-
ject to the trial court's determination under ORS 137.750 of whether the person
may be "considered" by the executing authority for such modifications.

modification programs for which the defendant otherwise is eligible, as provided in ORS 137.750, is not error apparent on the face of the record. In that case, the defendant argued that the prescribed statutory maximum sentence is the longest sentence denoted in the presumptive grid block range, with eligibility for sentence modification programs. The defendant argued that the fact that some defendants will not benefit from their eligibility is irrelevant, because, at the time that the sentence is executed, all defendants who are denied consideration for sentencing reductions receive a greater maximum sentence than those who are granted consideration.

We affirmed the trial court's judgment because the defendant had failed to preserve his *Apprendi* argument at trial and because the error that he asserted on appeal was not apparent on the face of the record. *Vigil*, 197 Or App at 412. In our opinion on reconsideration, we explained:

> "Notwithstanding the possibility that a defendant will obtain sentence reductions, the maximum *penalty* authorized by the jury's verdict arguably remains the presumptive sentence. A sentencing court's order that the defendant not be considered by the executing or releasing authority for sentence reduction programs arguably does not increase the maximum penalty to which the defendant is exposed. In short, it is not obvious that *Apprendi* applies to the denial of consideration for sentence modification programs. There is no error apparent on the face of the record."

*Vigil*, 199 Or App at 528 (emphasis in original). We now conclude that what we described as an arguably correct proposition of law in *Vigil* is, in fact, correct. ORS 137.750 requires a sentencing court to order that a defendant may be considered for release, leave, and certain sentencing programs for which the defendant is otherwise eligible[4] unless the court makes a finding on the record that substantial and compelling reasons exist that warrant a contrary result. However, the denial of consideration for such beneficial modifications to a sentence does not increase the maximum penalty to which a

---

[4] Included among such programs are alternative incarceration programs, such as boot camp, ORS 421.500 to 421.512; "earned-time" sentence reduction, ORS 421.121; forest and work camp programs, ORS 421.450 to 421.490; transitional leave, ORS 421.168; and work release, ORS 144.410 to 144.525.

defendant is exposed by the jury's verdict. For that reason, as we now explain, defendant's argument fails on the merits.

The way in which the maximum possible penalty authorized by a jury's verdict without additional findings is described can make all the difference in determining whether an *Apprendi* violation has occurred. For present purposes, that maximum is a sentence without modification or reduction. An order permitting consideration for sentence modifications does not mean that the defendant inevitably will receive the benefit of those programs. Rather, the defendant must satisfy the criteria for those programs in order to obtain such benefits or not have them revoked. Several examples will illustrate the point. A defendant will fail to obtain the benefit of boot camp if the Department of Corrections (DOC) denies his or her request to participate in it and that can be done "for any reason." ORS 421.508(1)(c). Or, a defendant will fail to obtain a sentence reduction under ORS 421.121 if the defendant does not satisfy the criteria for earning the reductions or if reductions are retracted and not restored. OAR 291-097-0020; OAR 291-097-0025; OAR 291-097-0030. A defendant will not be eligible for forest camp unless DOC determines that he or she only "require[s] minimal security." ORS 421.455(1). Finally, a defendant will not receive transitional leave unless DOC verifies his or her transition plan and grants transitional leave. ORS 421.168.

In each of the cited examples, the maximum penalty to which the offender is exposed by virtue of the jury's verdict is a sentence without modification or reduction. As we explained on reconsideration in *Vigil*:

> "The maximum [sentence] that a defendant could receive, if sentenced without any additional court findings, is the presumptive sentence; it is beyond dispute that the penalty received by a defendant who was eligible for, but failed to earn, [for example,] early-release credits would not exceed the maximum authorized by the jury's verdict. It is not possible that defendant's penalty will exceed that amount of time."

199 Or App at 528. With or without a sentencing court's finding under ORS 137.750, a defendant may ultimately serve a sentence without the benefit of a favorable modification of

the incarcerative term. It follows that the court's findings are not "essential" to a sentence without reduction or modification. *Harris v. United States*, 536 US 545, 122 S Ct 2406, 153 L Ed 2d 524 (2002) (where a sentence could be imposed with or without a finding, the finding was not essential to the defendant's punishment). Because a sentencing court's order denying consideration for sentence modifications does not result in a sentence that exceeds the relevant statutory maximum, it is not barred by *Apprendi*.

Defendant nevertheless asserts that "a sentence that forecloses a defendant's eligibility for consideration of reduction programs is greater *punishment* than a sentence that does not foreclose such eligibility" (emphasis in original) and that consequently "a sentencing court's declaration of ineligibility falls under *Blakely*." That argument fails because it misses the point just made, which is that no *Apprendi* violation can occur unless the required finding exposes the defendant to a greater punishment than that authorized by the jury's verdict. *Apprendi*, 530 US at 494. Stated conversely, the rule in *Apprendi* is not implicated by facts that merely foreclose a defendant from obtaining a lesser penalty within the range authorized by the verdict. *See Harris*, 536 US at 566 (plurality opinion) ("[t]he Fifth and Sixth Amendments ensure that the defendant 'will never get *more* punishment than he bargained for when he did the crime,' but they do not promise that he will receive 'anything less' than that" (quoting *Apprendi*, 530 US at 498) (emphasis in *Apprendi*) (Scalia, J., concurring). Instead, *Apprendi* is concerned solely with facts that legally entitle a defendant to a lesser sentence. *See Blakely*, 542 US at 309 (Sixth Amendment jury trial right applies to facts that "pertain to whether the defendant has a legal *right* to a lesser sentence" (emphasis in original)). The maximum penalty authorized by the jury's verdict does not change depending on whether a defendant is granted consideration for sentence modifications under ORS 137.750. In either case, the maximum sentence authorized is a presumptive sentence without reduction or modification, because defendant is not legally entitled to those benefits.

In sum, to obtain relief under *Apprendi*, defendant must demonstrate that, were it not for the findings made by

the sentencing court under ORS 137.750, he would have been legally entitled to the benefits described in that statute, not merely a possibility that he would receive them. Because the potential benefits described in ORS 137.750 are not entitlements, the determination that the sentencing court made did not involve facts that pertained to whether defendant had a legal right to a lesser sentence. Accordingly, the trial court did not err in making the challenged findings despite defendant's demand to have them determined by a jury.[5]

Affirmed.

---

[5] Our analysis makes it unnecessary to consider the state's separate, but related, argument that ORS 137.750 is itself a sentence-reduction provision that is not subject to the rule of *Apprendi. See, e.g., People v. Garcia*, 121 Cal App 4th 271, 277-78, 16 Cal Rptr 3d 833 (2004) (holding that the rule of *Apprendi* did not apply to a California sentence reduction statute that limited the accrual of presentence conduct credits, because "[l]essening the 'discount' for good conduct credit does not increase the penalty beyond the prescribed maximum punishment").