On respondent's petition for reconsideration filed May 25, motion for relief from default granted; reconsideration allowed; former disposition (203 Or App 179, 124 P3d 1260) withdrawn; affirmed July 26, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID CHARLES CARR,
*Appellant.*

03C-52930; A124994

139 P3d 1045

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, for petition.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

**PER CURIAM**

■       The state petitions for reconsideration of our opinion, in which we concluded that the trial court committed plain error in imposing departure sentences based on facts that defendant did not admit and that were not found by a jury. *State v. Carr*, 203 Or App 179, 124 P3d 1260 (2005). The state argues that, under the Supreme Court's recent decision in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), the departure sentences were not plainly erroneous. Allowing the state's petition, we agree. Defendant was convicted after he waived his right to a jury and pleaded guilty. He did not object when, at sentencing, the trial court found aggravating facts and imposed departure sentences. Under *Gornick*, it is possible to infer from those circumstances that defendant chose to have the trial court act as the factfinder at sentencing; imposition of the departure sentence was therefore not plainly erroneous.

■■       In our earlier opinion, we did not have occasion to reach defendant's other challenges to his sentences, also unpreserved, that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court erred by denying him his right to a jury determination of (1) the facts on which the court based his criminal history score and (2) the facts on which the trial court based its denial of his consideration for sentence modifications as provided in ORS 137.750. We now reach those arguments and reject them. *See State v. Price*, 200 Or App 650, 117 P3d 298 (2005) (finding that a trial court's determination of a defendant's criminal history score is not plain error); *State v. Vigil*, 197 Or App 407, 106 P3d 656, *adh'd to as modified on recons*, 199 Or App 525, 112 P3d 441, *rev den*, 339 Or 156 (2005) (finding that a trial court's decision, based on judicial factfinding, not to allow consideration for sentence modifications under ORS 137.750 is not plain error).

Motion for relief from default granted; reconsideration allowed; former disposition withdrawn; affirmed.