Submitted on remand from the Oregon Supreme Court February 19, remanded for resentencing; otherwise affirmed June 18, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANASTACIO RAMIREZ,
*Defendant-Appellant.*

Washington County Circuit Court
C030767CR; A123657

188 P3d 305

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, Erika L. Hadlock, Assistant Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

This case returns to us on remand from the Supreme Court. *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). After trial to the jury, defendant was convicted of attempted murder, first-degree assault, and unlawful use of a weapon. The court then conducted a sentencing hearing without the jury and imposed an upward durational departure sentence on Count 2, assault in the first degree, based on facts that defendant did not admit and that had not been found by a jury, in violation of the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). In our first decision, *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), we exercised our discretion under ORAP 5.45(1) to review defendant's unpreserved objection to that error. We vacated defendant's sentence and remanded for resentencing. In light of our disposition of that assignment, we did not address defendant's other *Blakely*-based assignments, relating to the sentencing court's imposition of a consecutive sentence on his conviction for unlawful use of a weapon and the sentencing court's decision to deny him consideration for sentence modification programs under ORS 137.750.

On the state's petition, the Supreme Court held that we erred in exercising our discretion to review the unpreserved error with respect to the upward departure sentence and remanded the case to us for consideration of defendant's remaining assignments. We turn to those assignments.

In his second assignment of error, defendant contends that the trial court erred in imposing a sentence on the conviction for unlawful use of a weapon that is to be served consecutively to the sentences imposed for attempted murder and assault in the first degree. For the reasons explained below, we agree with defendant that the trial court erred and affirmatively exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), to review and correct the unpreserved error.

Defendant's convictions for attempted murder, first-degree assault, and unlawful use of a weapon arise out of an incident in which he accosted a woman outside of the building where she worked, placed a handgun to her head and threatened to kill her, ordered her onto her hands and knees, shot her in the head, and ran off. *Ramirez*, 343 Or at 508. Defendant was sentenced on January 14, 2004, five months before the United States Supreme Court decided *Blakely*. In imposing a sentence of 60 months on Count 3, the unlawful use of a weapon conviction, the court explained its findings and conclusion that defendant had completed the offense charged in Count 3 before he committed the attempted murder and first-degree assault:

> "Now, the Unlawful Possession [*sic*] of a Weapon charge is a separate matter, because in that case, I do agree with [the prosecutor]. I don't think he had any intent specifically to use the weapon against this person, it just happened as a matter of course that she was the person that wandered into the field of fire, so to speak. He carried the weapon to that place. He carried it there with the intent to use it on someone. And that's the completed crime of Unlawful Possession [*sic*] of a Weapon. And so based on those findings, I'm going to impose a five-year gun minimum consecutive to the sentences [on the other two counts]."

In referring to "unlawful possession," the trial court no doubt was referring to defendant's conviction for unlawful *use* of a weapon. It seems from the trial court's comments that the court was purporting to rely on ORS 137.123(2) in imposing the consecutive sentence. Defendant objected to the imposition of a consecutive sentence, contending that the offense was committed as part of a continuous and uninterrupted course of conduct, but did not raise any constitutional objections.

■ Defendant contends now that the trial court's failure to submit to a jury the question whether Count 3 was "a separate matter" is reviewable as error apparent on the face of the record. ORAP 5.45(1). We agree with defendant that the trial court's failure to submit that question to a jury is plain error. *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008); *State v. Banks*, 218 Or App 593, 597, 180 P3d 726 (2008).

■     In determining whether to exercise our discretion to review the error, we consider

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. As we noted in *Banks*,

> "[i]n *Ramirez*, 343 Or at 513-14, the court further indicated that, in assessing the 'competing interests of the parties,' a defendant's interest in resentencing is minimal if 'there is no legitimate debate' about whether a departure sentence is warranted. Similarly, the court concluded that 'the ends of justice' would not be advanced when 'the evidence on a sentencing factor is overwhelming.' *Id*. In [*State v.*] *Fults*, 343 Or [515,] 523[, 173 P3d 822 (2007)], the court listed several additional considerations, including whether there was a 'possibility that [a] defendant made a strategic choice not to object to [a] sentence' and 'the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings.' "

218 Or App at 597.

■     Considering each of the *Ailes* factors and those enunciated in *Fults* and *Ramirez*, we choose to affirmatively exercise our discretion to consider and correct the trial court's error in imposing the consecutive sentence, for the following reasons: First, as in *Banks*, given that defendant was sentenced before *Blakely*, it is unlikely that defendant made a strategic choice to forgo his present objection to the consecutive sentence. Second, for the same reason, we conclude that considering and correcting the asserted error will not subvert the judicial system's interest in requiring preservation of error, as, had it been raised, the asserted error was likely to have been rejected by the trial court. *See Banks*, 218 Or App at 598. Third, the gravity of the error, a consecutive sentence of 60 months, is substantial. Fourth, the circumstances here are not like those in *Fults*, where remand was unlikely to make a practical difference. Here, given the evidence of the

circumstances of the offenses, there is legitimate debate as to whether a jury would render the findings required under ORS 137.123(2) or ORS 137.123(5). *See Banks*, 218 Or App at 598. Further, unlike in *Fults*, 343 Or at 523, the enhanced consecutive sentence imposed here was not imposed concurrently with another sentence that was not challenged on appeal. Consequently, as in *Banks*, a remand in this case is consonant with "the ends of justice." *Ailes*, 312 Or at 382 n 6.

In light of our conclusion with regard to the consecutive sentence imposed on the unlawful use of a weapon charge, we do not reach defendant's final contention that the trial court committed plain error in denying him consideration for sentence modification programs under ORS 137.750. *But see State v. Vigil*, 197 Or App 407, 412, 106 P3d 656, *adh'd to as modified on recons*, 199 Or App 525, 112 P3d 441, *rev den*, 339 Or 156 (2005) (unpreserved *Blakely*-based challenge to denial of consideration for sentence modification programs under ORS 137.750 is not plain error).

Remanded for resentencing; otherwise affirmed.