Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 11, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TERRY LUCKY PRICE,
*Defendant-Appellant.*

## Coos County Circuit Court
## 03CR0016; A122503

202 P3d 905

Peter Gartlan, Chief Defender, and Joshua B. Crowther, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Price*, 200 Or App 650, 117 P3d 298 (2005) (*Price I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Price*, 345 Or 316, 195 P3d 63 (2008). In *Price I*, we remanded for resentencing because the court had imposed an upward departure sentence on a conviction for driving under the influence of intoxicants based on judicial factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). 200 Or App at 652. The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our discretion under *Ailes*. As explained below, we now conclude that it would not be proper to exercise discretion to correct that sentencing error. Accordingly, we affirm.

■     In this case, the sentencing court specifically found that either of two bases for departure would be independently sufficient to support the sentence imposed: Specifically, the court found that defendant had been persistently involved in similar offenses and that defendant had shown disregard and disrespect for the court by fleeing the courtroom after the verdict was announced. Thus, we cannot remand for resentencing unless we determine that it would be a proper exercise of *Ailes* discretion to correct the error with regard to both of the two upward departure factors on which the court relied. We do not discuss the persistent involvement factor because we conclude that, on this record, there is no legitimate debate that a jury would have found beyond a reasonable doubt that defendant had shown disregard and disrespect for the court by fleeing the courtroom after the verdict was announced.

■■     Whether to exercise our discretion to correct a sentencing error is analyzed under *Ailes*, 312 Or at 382 n 6, which gives a nonexclusive list of factors to be considered, including "the competing interests of the parties; the nature of the case; the gravity of the error; [and] the ends of justice in

the particular case." Under some circumstances, the "competing interests of the parties" factor is conclusive: As the court noted in *Ramirez*, 343 Or at 513, the state "has a significant interest in avoiding a second, unnecessary sentencing hearing." That is, where there is no legitimate debate that a jury would find the facts necessary to support an enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.*

That factor is conclusive here. After the jury had rendered its verdict and been dismissed, the court and counsel discussed defendant's sentencing, which was to occur the following Monday. Defense counsel asked that his client be allowed to remain out of custody until Monday in order to be with his brother who was dying of cancer. The prosecutor opposed that request, noting the significant extent of defendant's criminal history (22 prior felonies) and that defendant had been convicted of failure to appear. The court then announced that defendant would be held in custody pending sentencing, and told defendant, "I'll order that you remain in the courtroom. I'll have the deputy come take you into custody." Immediately thereafter, defendant fled the courtroom. He failed to appear at the scheduled sentencing, and was apprehended and sentenced at a later date. Given those facts, there is no legitimate debate that a jury would have found that defendant had shown disregard and disrespect for the court. Accordingly, we decline to exercise our discretion under *Ailes* to correct the sentencing error.

Affirmed.